**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDAL L. LOVE | : | |
| | : | |
| Appellant | : | No. 1508 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 28, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-SA-0000145-2018

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 29, 2019**

Appellant Randal L. Love appeals from the Judgment of Sentence entered in the Dauphin County Court of Common Pleas on August 28, 2018, following his conviction for Driving while Operating Privilege is Suspended or Revoked.[1]  On appeal, he challenges the sufficiency of evidence in support of his conviction.  We affirm.

The relevant facts and procedural history are as follows.  On April 3, 2018, Police Officer Shayne Barber observed that the letters on Appellant's vehicle registration plate were not visible, which prompted him to effect a traffic stop of Appellant.  During the stop, Appellant provided Officer Barber with his driver's license.  While running a check on Appellant's license, Officer Barber discovered that Appellant's license had been suspended as of January

---

[1] 75 Pa.C.S. § 1543(a).

---

*   Former Justice specially assigned to the Superior Court.

16, 2018.  Officer Barber cited Appellant for Driving while Operating Privilege is Suspended or Revoked.  Trial Ct. Op., filed 10/9/18, at 1.

On May 16, 2018, the magisterial district judge found Appellant guilty *in absentia* of that offense, and Appellant filed a timely summary appeal.  On August 28, 2018, the trial court held a hearing at which Officer Barber was the sole witness and the Commonwealth entered Appellant's certified driving record into evidence without objection.  *Id.* at 1-2 & n.1.

The trial court found Appellant guilty of violating 75 Pa.C.S. § 1543(a). It recognized Appellant's repeat offender status and sentenced him to sixty days' incarceration and a fine of one thousand dollars.

This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> Whether the Judge's holding that [Appellant] was a multiple offender under the statute was sufficient to uphold the conviction of driving under a suspended license when the Commonwealth failed to introduce evidence of actual notice of [Appellant] of the suspension and at the time of the traffic stop [Appellant] provided an expired driver's license?

Appellant's Br. at 4.

In other words, Appellant argues that the evidence was insufficient to establish that he had actual notice that PennDot had suspended his driver's license at the time of the April 3, 2018 traffic stop.  *Id.* at 4, 7.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).  "We review

claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation and citations omitted). "[A] conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* In conducting this review, we may not weigh the evidence and substitute our judgment for the fact-finder. *Id.*

Section 1543 provides that "any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense." 75 Pa.C.S. § 1543(a). Section 6503 further provides that "[a] person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months." 75 Pa.C.S. § 6503(a.1).

In order to sustain a conviction of driving while under suspension, it is necessary for the Commonwealth to prove that the defendant had actual notice of a suspension. *Commonwealth v. Harden*, 103 A.3d 107, 112 (Pa. Super. 2014) (citing *Commonwealth v. Kane*, 333 A.2d 925, 927 (Pa.

1975)). "[A]ctual notice is 'a judicially created element, designed to protect a defendant's due process rights.'" *Id.* (quoting *Commonwealth v. Crockford*, 660 A.2d 1326, 1329 (Pa. Super. 1995)).

The Commonwealth has not proven actual notice of suspension when the Commonwealth only presents evidence that PennDot mailed notice to the defendant. *Kane*, 333 A.2d at 927. However, the Commonwealth may establish actual notice through "a collection of facts and circumstances" that allow the factfinder to infer that a defendant has knowledge of suspension. *Harden*, 103 A.3d at 114. Facts and circumstances that may be considered include evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension. *Commonwealth v. Zimmick*, 653 A.2d 1217, 1221 (Pa. 1995) (quotations omitted).

Most relevant to this appeal, this Court has held that the Commonwealth proves actual notice of a suspension where it presented evidence as to three crucial facts: (1) appellant's license had been suspended; (2) notice of appellant's suspension had been mailed by PennDOT; and (3) appellant failed to produce a current driver's license at the traffic stop. *Crockford*, 660 A.2d at 1331. *See also Harden*, 103 A.3d at 112-15 (finding actual notice shown where evidence demonstrated the notice of suspension was mailed, the

appellant had a long history of suspensions, and the appellant failed to present a driver's license during traffic stop). *In Crockford,* we deduced that when "the subject driver is unable to produce a current license, it is either because he is unable to do so since the license has been surrendered, or he is unwilling to do so because he believes that tendering a suspended license is a futile gesture." *Crockford*, *supra* at 1331. *See also Commonwealth v. Dietz*, 621 A.2d 160, 162-63 (Pa. Super. 1993) (holding a defendant's failure to possess a current license at the time of the incident is presumptive knowledge of suspension).[2]  We also found in *Harden* that an appellant's history of suspensions for previous violations, as detailed in his driving record, supports an inference of knowledge of his suspension. 103 A.3d at 114; *see Dietz*, 621 A.2d at 162.

Here, the trial court concluded that the Commonwealth presented sufficient evidence to establish Appellant's actual knowledge of his driving suspension at the time of the April 3, 2018 traffic stop. *See* Trial Ct. Op. at 3-7. It found that Appellant's driving record showed that his driving privileges had been suspended, from January 16, 2018 until May 16, 2018; PennDOT

_____

[2] We note that in *Crockford* we disagreed with *Dietz*'s holding that a driver who claims no notice of a suspension must prove possession of a current license at the time of the incident. *Id.* 660 A.2d at 1335. Rather, we decided an appellant may come forward with any evidence of lack of notice to rebut the Commonwealth's case, such as evidence that at the time of his stop by police, appellant was in possession of, or able to produce, a current driver's license. *Id.* at 1332, 1335

mailed an Official Notice of Suspension to Appellant on December 26, 2017; Appellant failed to produce a valid license at the time of the traffic stop[3]; and Appellant had eight prior convictions for Driving while Operating Privilege is Suspended or Revoked. *Id.* at 1-7 & nn.1-2.

We agree with the trial court's conclusion. Our review of the record evidence, in the light most favorable to the Commonwealth as the verdict winner demonstrates, that at the time of the traffic stop, PennDOT had suspended Appellant's license, PennDot properly notified Appellant of the suspension, and Appellant could not produce a valid driver's license. Accordingly, the trial court properly found that the Commonwealth presented "a collection of facts and circumstances" sufficient to establish that Appellant had actual notice that his license had been suspended. *See Harden*, 103 A.3d at 114. Appellant is, therefore, not entitled to relief on this claim.

---

[3] We note that the license Appellant provided the Officer Barber had expired and thus was not valid. Since PennDot had suspended Appellant's license, it would have refused to renew Appellant's license during the suspension. This confirms the inference that the failure to produce a current license presumes knowledge of suspension. *See Crockford*, *supra* at 1331; *Dietz*, *supra* at 162-63.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2019