546 A.2d 681

COMMONWEALTH of Pennsylvania, Appellant,

v.

James GAMBLE, Appellee.

Superior Court of Pennsylvania.

Argued May 26, 1988.

Filed Aug. 16, 1988.

Lawrence M. Cherba, Assistant District Attorney, Doylestown, for Com., appellant.

Lee D. Rockafellow, Morrisville, for appellee.

Before BROSKY, ROWLEY and McEWEN, JJ.

McEWEN, Judge:

The Commonwealth has taken this appeal from an order which granted a motion in arrest of judgment as to the violation of 75 Pa.C.S. § 1543(b), filed by appellee after he had been found guilty by the trial court of violating Section 1543(a) and Section 1543(b) of the Vehicle Code.[1] We affirm.

Appellee was arrested on January 22, 1986, and charged with Driving Under the Influence of Alcohol, 75 Pa.C.S. § 3731(a).[2] Appellee refused to submit to a breathalyzer

---

**1.** Appellant did not appeal to this Court from the judgment of sentence imposed by the Common Pleas Court for the violation of Section 1543(a).

**2.** Although the list of charges filed against appellee, as a result of his January 22, 1986, arrest is not a part of this record, it is evident from the certified copy of appellee's driving record that, in addition to DUI, appellee was charged with Reckless Driving, 75 Pa.C.S. § 3714; Driving Under Suspension or Revocation, 75 Pa.C.S. § 1543; Driving Without a Valid License, 75 Pa.C.S. § 1501; Fleeing Police Officer, 75 Pa.C.S. § 3733; and Driving Without Lights to Avoid Arrest, 75 Pa.C.S. § 3734.

test at the time of his arrest and was, therefore, subject to an automatic one year suspension of his operating privileges pursuant to 75 Pa.C.S. § 1547(b). Appellee, at the time of the January 22, 1986, arrest, resided at 327 Crown Street in Morrisville, Pennsylvania. This address was noted on all police and court documents relating to the offenses committed on January 22, 1986. The Department of Transportation, however, two months later, on March 25, 1986, mailed a notice of a one year suspension to an address which had not been appellee's residence for over two years. Appellee never received the notification from the Department of Transportation informing him of (1) his suspension pursuant to Section 1547(b); and (2) the potential penalty he would face if he was subsequently convicted of Driving Under Suspension.

Appellee was again arrested five months later, on June 27, 1986, while operating a motor vehicle, and charged with violating Section 1543(a) of the Vehicle Code, which provides:

§ 1543. Driving while operating privilege is suspended or revoked

\* \* \* \* \* \*

(a) Offenses defined.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth *after the* commencement of a *suspension, revocation or cancellation of the operating privilege* and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S. § 1543(a) (emphasis supplied).

Appellee was also charged with violating Section 1543(b) of the Vehicle Code, which provides:

§ 1543. Driving while operating privilege is suspended or revoked

\* \* \* \* \* \*

(b) Certain offenses.—Any person who drives a motor vehicle on any highway or trafficway of this Common-

wealth at a time *when their operating privilege is suspended or revoked* as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or *because of a violation of section 1547(b)(1)* (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543(b) (emphasis supplied).

The Department of Transportation records, introduced by the prosecution, reflect that appellant had not had a valid driver's license since 1978, when it was suspended for failure to respond to a citation. The appellee conceded that fact at his trial. Appellee testified, however, that he was not aware that he was under suspension on June 27, 1986, for refusing to submit to a breathalyzer test, but rather that he believed he was under suspension at that time for failure to respond to citations. Appellee further testified that he had been making weekly payments on his outstanding fines in order to qualify for the restoration of his operating privileges, at which time he believed the suspensions arising from the January 22, 1986, incident would commence. *See: Commonwealth v. Martin,* 102 Pa. Cmwlth. 23, 25, 517 A.2d 216, 217 (1986); 75 Pa.C.S. § 1544(b).

The Commonwealth introduced at the trial which underlies this appeal, specifically, the trial for driving on June 27, 1986, in violation of Section 1543(a) and Section 1543(b), the suspension notification which had been mailed to appellee on March 25, 1986, informing appellee that a one year suspension for refusal to take a breathalyzer would commence on March 25, 1986. However, the Commonwealth did not establish that appellee had received the incorrectly addressed notice or that appellee had been informed by either the court, the officers who arrested appellee on January 22, 1986, or the Department of Transportation that

appellee's operating privileges would be suspended for one year, effective March 25, 1986, as a result of his refusal to submit to a breathalyzer. Since the trial court held that actual notice of suspension for failure to submit to a breathalyzer was an essential element of the offense of driving while operating privileges are suspended or revoked, codified at 75 Pa.C.S. § 1543(b), the court arrested judgment upon the conviction based upon Section 1543(b).

The Commonwealth concedes that actual notice of the suspension of driving privileges is an essential element of the offense of "driving while operating privilege is suspended or revoked." 75 Pa.C.S. § 1543. *See: Commonwealth v. Kane*, 460 Pa. 582, 584, 333 A.2d 925, 926 (1975); *Commonwealth v. Martin*, 346 Pa.Super. 129, 142, 499 A.2d 344, 351 (1985); *Commonwealth v. Burkett*, 300 Pa.Super. 72, 74, 445 A.2d 1304, 1305 (1982). The Commonwealth argues, however, that the court erred in concluding that actual notice of the suspension occasioned as a result of the alcohol test refusal was required where appellee testified that he was aware that his driving privileges were suspended as a result of prior violations.

We do not accept the argument of the prosecution, and conclude that the distinguished Judge Edward G. Biester, Jr. correctly ruled that the Commonwealth, in order to establish a violation of 75 Pa.C.S. § 1543(b), must prove that the defendant had actual notice of the suspension at issue. Surely, it is apparent that to hold otherwise would be to adopt an interpretation that Section 1543(b) is merely a penalty provision appended to Section 1543(a). Since Section 1543(b) prescribes an additional element not required by Section 1543(a), namely, driving while under a suspension or revocation occassioned by an alcohol related offense or refusal, an interpretation that Section 1543(b) is an appendage of Section 1543(a) would defy the obvious intent of the drafters as well as basic principles of statutory construction.

It should also be noted that this Court has already, if but implicitly, so decided in *Commonwealth v. Gray*, 356 Pa.Super. 299, 514 A.2d 621 (1986), when the defendant chal-

lenged his conviction of violating 75 Pa.C.S. § 1543(b), stating that he had not received the notice informing him of his one year suspension as a result of his alcohol test refusal. We there affirmed the conviction under Section 1543(b), after finding that the defendant had received actual notice of his suspension pursuant to Section 1547(b) where (1) the Bureau mailed the notice of suspension to the defendant at his correct address; (2) the defendant had surrendered his license to the Bureau in response to a previous notice of a six month suspension mailed to him at the same address; and (3) the defendant, after having served his prior six month suspension, did not apply for restoration of his privileges and did not have a license in his possession when stopped for the subsequent violation. We there reasoned, as we are unable to do here, that the evidence was sufficient to establish that the defendant had received actual notice of the suspension, pursuant to Section 1547(b).

Although it is clear that Mr. Gamble knew (1) that his license was suspended, and (2) that he could not lawfully operate a vehicle, we cannot expose him to the harsher sanctions imposed by Section 1543(b) without proof by the prosecution that he had actual notice of license suspension pursuant to his alcohol test refusal.

ORDER AFFIRMED.