## Commonwealth v. Gulliksen

*Claude A. L. Shields, district attorney,* for the Commonwealth.

*George T. Dydynsky,* for defendant.

BALDWIN, *J.,* August 13, 1990 — On July 24, 1989, defendant was issued a citation charging him with violating section 1543(b) of the Vehicle Code, driving while under suspension — DUI related. Defendant appealed his conviction before the district justice, and on April 23, 1990, was found guilty by this court after trial de novo. Timely post-verdict motions have been filed and are currently before the court for disposition.

On July 23, 1989, defendant was stopped by Patrolman Smith of the Tamaqua Police Department for going through a red light. When requested to produce his driver's license, defendant informed the officer that he did not have his license because it had been suspended. The officer obtained defendant's name, address and birth date and attempted to verify the status of his license by reference to the Department of Transportation uniscope computer. Because the computer was down at the time, the officer could not make verification and permitted defendant to leave, advising him that he would receive a citation at a later date. When the officer received certification of defendant's driver's license, he discovered that the license had been suspended effective October 12, 1988, for a period of one year as a result of a conviction for driving

under the influence. The citation for violating section 1543(b) of the Vehicle Code was then issued.

Evidence at the hearing revealed that defendant was convicted of driving under the influence on July 25, 1988, and that the sentencing court required him to surrender his license at that time. The Honorable John P. Lavelle of Carbon County, at the time of sentencing, informed defendant that his license would be suspended for a period of one year due to the DUI conviction. Defendant admits understanding that his license was to be suspended for a year, but he denies knowing when the year was to commence.

On September 7, 1988, the Department sent notice to defendant that his license would be suspended for one year effective October 12, 1988. The notice was sent to the last address that defendant had reported, but was returned unclaimed. Defendant had moved from that address without notifying the department, and by the time the notice of suspension was mailed defendant had become a resident in the Monroe County Prison. He was not released from that prison until April 5, 1989, when he began serving a 30-day sentence for the DUI conviction in Carbon County.

In a prosecution for violating section 1543(b) of the Vehicle Code the Commonwealth must prove that the defendant received notice that his license was suspended because of a DUI conviction, and evidence that the suspension notice was mailed is insufficient in itself to prove receipt of notice by the defendant. *Commonwealth v. Gamble,* 376 Pa. Super. 590, 546 A.2d 681 (1988); *Commonwealth v. Martin,* 346 Pa. Super. 129, 499 A.2d 344 (1985). However, when the department's records do not establish actual notice to the defendant, the Commonwealth may seek to prove such notice through

other evidence. *Commonwealth v. Burkett,* 300 Pa. Super. 72, 445 A.2d 1304 (1982).

In *Burkett* the Commonwealth was able to establish that the Department sent the defendant notice that his license would be suspended commencing with receipt of the license by the Department. The department records also indicated receipt of that license shortly thereafter. When the defendant was subsequently stopped by the police, the officer observed him attempting to switch seats with one of his passengers. The court found the evidence sufficient to establish the defendant's knowledge that his license has been suspended.

In the instant case while there is no showing that the department's notice of suspension was ever actually received by defendant, defendant clearly confirmed his awareness that his license was suspended at the time that he was stopped by Patrolman Smith. His license had been confiscated by the Carbon County Court at the time of his sentencing for driving while under the influence, and he had been advised by the court that the license was being suspended because of that conviction. Defendant clearly had notice when he operated his vehicle on July 23, 1989, that he was doing so while his license had been suspended as a result of his DUI conviction. The only confusion related by defendant was the effective date of that suspension. That confusion might constitute a defense if defendant had been stopped by Patrolman Smith on July 25, 1989, or any date thereafter. Then defendant might reasonably have assumed that the suspension of his license had expired one year from the date he had surrendered it to the Carbon County Court. At the time he was stopped on July 23, 1989, defendant admits to knowledge that his license had been suspended because of a DUI conviction. That is all that is

required to establish a violation of section 1543(b) of the Vehicle Code.

Finally, defendant argues that his violation of the Vehicle Code was justified because he was rushing to the home of his girlfriend's sister, whom he believed to be in danger. He supports this contention with evidence that he was at his residence in Landsford when he answered a phone call from the sister, who was 16 years old and yelling for help. He explained that he knew she had a boyfriend who was much bigger than she and believed that she was being beaten at the time. Immediately upon hearing her call for help, defendant dropped the phone and ran outside where he met his girlfriend and two of his friends. Because none of those three could drive his vehicle, which was equipped with a manual transmission, he drove to the girlfriend's home in Tamaqua and was stopped by Patrolman Smith.

Defendant contends that his actions in driving while under suspension were justified under section 503 of the Crimes Code, 18 Pa.C.S. §503, in that he believed his assistance was necessary to prevent imminent harm to his girlfriend's sister. There is nothing in the record to support this contention. Although the testimony reveals that the young lady was upset and screaming while requesting that he help her, she had at no time told him that she was being beaten, or even that anyone else was with her. Additionally, defendant had available to him the more reasonable course of calling the police in the municipality where the young lady resided, since they would have been able to get there much sooner than he.

Having found defendant's arguments in support of post-verdict motions to be without merit, we enter the following

## ORDER OF COURT

And now, August 13, 1990, after careful consideration of defendant's post-verdict motions and the briefs pro and con, it is hereby ordered that defendant's motion for arrest of judgment be denied and that the defendant appear for sentencing on Wednesday, August 22, 1990, at 10:15 a.m. in Courtroom no. 3.