621 A.2d 160

**COMMONWEALTH of Pennsylvania**

v.

**John W. DIETZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 27, 1992.

Filed March 8, 1993.

William C. Dissinger, Marysville, for appellant.

Daniel W. Stern, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before DEL SOLE, POPOVICH and HUDOCK, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence. Appellant, John W. Dietz, was fined and sentenced for violating § 1543(a)

of the Vehicle Code [1]. The sole issue raised by Appellant is whether the Commonwealth proved beyond a reasonable doubt that he had actual notice of the suspension of his operating privilege. After a thorough review of the record before us, we hold that the Commonwealth has met its evidentiary burden.

It is undisputed that notices of suspension were mailed to Appellant at the address attributed to him in the Pennsylvania Department of Transportation's ("PennDOT's") files, R.D. 1, Lot 2, New Bloomfield, PA 17068. Appellant claims, however, that he did not reside at that address at the time the notices were sent. The Commonwealth rebuts that claim by arguing that if Appellant no longer resided there, under 75 Pa.C.S.A. 1515, he was under a statutorily imposed obligation to provide PennDOT with his new address within 15 days after he moved.[2]

First, we find it necessary to address a point that was raised by the Appellant at his hearing, referred to by the trial court in its opinion and addressed by the parties in their briefs filed pursuant to this appeal. The record contains assertions that Appellant was "not a licensed [Pennsylvania] driver". (R. 28a). Both sides attempt to use this unsubstantiated conclusion to their benefit. The Commonwealth claims that if Appellant was not a licensed driver, then he was not entitled to receive notice. The Appellant argues that as a non-licensed

---

1.  75 Pa.C.S.A. § 1543(a) reads in pertinent part as follows:
    **§ 1543.  Driving while operating privilege is suspended or revoked (a) Offense defined.**—[A]ny person who drives a motor vehicle on any highway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.00.

2.  75 Pa.C.S.A. 1515 reads as follows.
    § 1515.  Notice of change of name or address.
    Whenever any person after applying for or receiving a driver's license moves from the address named in the application or in the driver's license issued or when the name of a licensee is changed such person shall, within 15 days thereafter, notify the department in writing of the old and new addresses or of such former and new names and of the number of any license then held by the person.

driver, he was not obligated to provide PennDOT with his new address.

After reviewing the record, and in particular, Appellant's driving record, as it is set forth in the Commonwealth's "Exhibit 1", it appears as though Appellant did, at one time, possess a valid Pennsylvania operator's license (License No. 22023398). Commonwealth's "Exhibit 1". The repeated references to whether or not Appellant ever had a license are therefore irrelevant.

The record also reveals that prior to the current offense, which occurred on, June 28, 1990, Appellant was cited for violating § 1543 of the Vehicle Code on three separate occasions. Commonwealth's "Exhibit 1". Those citations and the actions that PennDOT took as a result of the violations, were summarized during Appellant's hearing as follows.

1. Privilege suspended for one year effective March 13, 1989. Official notice mailed March 13, 1989.

2. Privilege suspended for (1) year effective March 13, 1990. Official notice mailed March 20, 1989.

3. Privilege revoked for two (2) years effective March 13, 1996. Official notice mailed March 31, 1989. (R. 10a–11a).

(N.T. at 9–10).[3]

■ Appellant correctly states that, when trying to prove receipt of actual notice, the Commonwealth cannot rest on the mere assertion that it mailed a notice to a defendant. See *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). This court has held however, that, "[w]hen notice is mailed to the appellant and additional evidence exists indicating that appellant received notice of suspension, then the evidence can be sufficient to prove actual notice." *Commonwealth v. Gray*, 356 Pa.Super. 299, 514 A.2d 621, 622 (1986) citing to *Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982).

---

3. The record also reveals that on October 25, 1988, Appellant was convicted of violating § 1501(a) of the Vehicle Code. As a result of the conviction, his driving privileges were revoked for five (5) years, effective March 13, 1991. Commonwealth's "Exhibit 1".

■ In the present case, the Commonwealth did not present any evidence to rebut Appellant's claim that he never received notice of his suspension. We hold however, that the Commonwealth did produce sufficient additional evidence that Appellant had actual notice of the suspension. Accordingly, we affirm Appellant's judgment of sentence and adopt the reasoning espoused by the trial court as set forth below.

> While the Commonwealth did not prove beyond a reasonable doubt that Mr. Deitz received actual notice through the mail, the Commonwealth did present sufficient additional evidence to prove beyond a reasonable doubt the receipt of actual notice. First and foremost, Mr. Dietz was involved in an automobile wreck which prompted Trooper Foltz to file a criminal complaint against Deitz for violation of § 1503(a) and § 6503 of the Vehicle Code. Mr. Dietz fled the crash scene on foot, leaving behind a trail of blood which led right to his home. Initially, Deitz stated to investigators that his wife was driving the vehicle. When Officer Foltz confronted Deitz, Deitz admitted that he was the driver. By fleeing the crash site and by misleading the investigators, Mr. Deitz demonstrated that he knew he was not permitted to drive. Secondly, Deitz's driving record shows three driving under suspension and convictions and one driving without a valid license conviction since his license restoration in May, 1987. Mr. Deitz is not able to reapply for his license until March 13, 1988. That Mr. Deitz believed he was allowed to drive after being convicted four times is incredible.

(Trial Court Opinion dated January 7, 1992)

■ Furthermore, we hold that in order for a person to invoke the defense that there was no notice of the suspension or revocation of the license, at a minimum it must be established at trial, that a current driver's license was produced at the time of the offense, or within 15 days thereafter, as provided for in 75 Pa.C.S.A. 1511. When the penalties of 75 Pa.C.S.A. 1532 have been applied, resulting in suspension or revocation of a driver's license, under 75 Pa.C.S.A. 1540, the driver is required to surrender the license. The operating privileges cannot then be restored until expiration of the

suspension/revocation period at which time one must reapply for a new driver's license. 75 Pa.C.S.A. 1541. Therefore, it is logical to require of a driver who claims that no notice of a suspension was received, to at least prove possession of a current license at the time of the incident. Otherwise, a defendant's failure to possess a current license is presumptive knowledge of suspension.

Judgment of sentence affirmed.