JOHNSON, Judge:
 

 Dean M. Taylor appeals from the trial court order denying his statutory appeal following the finding of a district justice that Taylor was guilty of driving while operating privilege is suspended or revoked for an offense related to driving under the influence (DUI). 75 Pa.C.S. § 1543(b). We affirm.
 

 In May, 1990, a police officer stopped Taylor for a traffic violation and cited him for driving while his operating privileges were suspended for a DUI-related offense. Taylor stipulated at trial that he did not produce a valid driver’s license, either when stopped or within 15 days of the citation. Taylor’s license previously had been suspended after an Accelerated Rehabilitative Disposition (ARD) hearing for the DUI-related offense. That earlier, DUI-related suspension was to last for six months and was to commence in January, 1997, after suspensions for other non-DUI-related offenses had elapsed. In April, 1990, notice of this underlying DUI-related suspension was mailed to Taylor at his address.
 

 The district justice found Taylor guilty of driving while his operating privileges were suspended for a DUI-related offense and sentenced him to the enhanced penalties of § 1543(b) of 90 days’ incarceration and a mandatory fine of $1,000. Taylor then filed a statutory appeal with the Court of Common Pleas of Westmoreland County. After a hearing, the trial court denied Taylor’s appeal. This appeal followed.
 

 On appeal, Taylor asserts that the trial court erred in finding that he received actual notice of his underlying DUI-related suspension. Further, he challenges the constitutionality of the holding of
 
 Commonwealth v. Nuno,
 
 385 Pa.Super. 6, 559 A.2d 949 (1989). We find that Taylor’s first argument is
 
 *105
 
 without merit, and that his second argument may not be properly considered by this Court.
 

 Initially, we note our disagreement with the Commonwealth’s argument that Taylor is precluded from arguing lack of notice pursuant to the holding of
 
 Commonwealth v. Dietz, 423
 
 Pa.Super. 366, 621 A.2d 160 (1993),
 
 appeal denied,
 
 535 Pa. 634, 631 A.2d 1007 (1993). The
 
 Dietz
 
 court held that, for a driver to invoke the defense of lack of notice of suspension, “at a minimum it must be established at trial, that a current driver’s license was produced at the time of the offense, or within 15 days thereafter, as provided for in 75 Pa.C.S.A. 1511.”
 
 Id.,
 
 423 Pa.Super. at 370, 621 A.2d at 162.
 

 The
 
 Dietz
 
 court essentially concluded that, to uphold a conviction for driving under a
 
 non-DUI-related
 
 suspension, the Commonwealth can prove notice of the underlying suspension by establishing that the driver failed to produce a license when stopped because that failure demonstrates knowledge of suspension. Here, however, Taylor is charged with violating § 1543(b) for driving under suspension for a
 
 DUI-related
 
 offense. Failure to possess a license does not demonstrate that a driver knows that the underlying suspension is for a
 
 DUI-related
 
 offense. Therefore, failure to produce a valid license when stopped does not preclude a driver charged with driving under a
 
 DUI-related
 
 suspension from asserting that the Commonwealth has failed to prove actual notice of the underlying
 
 DUI-related
 
 suspension.
 

 Our scope of review in a license suspension case is limited to determining whether the trial court’s findings are supported by competent evidence, whether the trial court committed errors of law, and whether the trial court’s decision constitutes a manifest abuse of discretion.
 
 Commonwealth v. Johnson,
 
 144 Pa.Cmwlth. 599, 601 A.2d 1339 (1992). In reviewing Taylor’s claim that the Commonwealth did not prove that he had actual notice of his DUI-related suspension, “we must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine if the
 
 *106
 
 trier of fact could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt.”
 
 Commonwealth v. Yetsick,
 
 402 Pa.Super. 615, 619, 587 A.2d 788, 790 (1991),
 
 appeal denied,
 
 529 Pa. 620, 600 A.2d 537 (1991).
 

 Taylor’s first argument is that the trial court erred in finding that he had actual notice of his DUI-related suspension and that he therefore cannot be found guilty of driving under a DUI-related suspension. The burden of proving notice rests with the Commonwealth.
 
 Commonwealth v. Kane,
 
 460 Pa. 582, 333 A.2d 925 (1975). The Commonwealth must prove that a defendant received notice that his license
 
 has been or mil be
 
 suspended or revoked for a DUI-related offense.
 
 Yetsick, supra; Nuno, supra; Commonwealth v. Gamble,
 
 376 Pa.Super. 590, 546 A.2d 681 (1988). We turn, then, to whether there was sufficient evidence for the trial court to find that Taylor received such notice.
 

 The seminal case governing sufficiency of notice is
 
 Kane, supra.
 
 The
 
 Kane
 
 court concluded that evidence of mailing, standing alone, is insufficient because “[mjailed letters do go astray for a variety of reasons. Criminal conviction requires proof beyond a reasonable doubt and that standard is not satisfied when one of the elements which must be proven is actual notice, and the only evidence presented is that a notice was mailed.”
 
 Id.,
 
 460 Pa. at 586, 333 A.2d at 927.
 

 This Court refined the
 
 Kane
 
 holding in
 
 Commonwealth v. Gray,
 
 356 Pa.Super. 299, 514 A.2d 621 (1986),
 
 appeal denied,
 
 514 Pa. 638, 523 A.2d 345 (1987). The
 
 Gray
 
 court held that, “[w]hen notice is mailed to the appellant
 
 and additional evidence
 
 exists indicating that appellant received notice of suspension, then the evidence can be sufficient to prove actual notice.”
 
 Id.,
 
 356 Pa.Super. at 301, 514 A.2d at 622 (emphasis added);
 
 see also Commonwealth v. Taylor,
 
 390 Pa.Super. 571, 568 A.2d 1320 (1990). In
 
 Gray,
 
 evidence of notice was deemed sufficient where the Commonwealth showed that notice had been mailed, that the appellant had responded to earlier mailings sent to the same address, and that appellant had not
 
 *107
 
 been able to produce a valid license when stopped for a violation.
 

 In the present case, the parties stipulated and the trial court found that notice of the DUI-related suspension had been mailed to Taylor.
 
 See
 
 Trial Court Opinion, filed January 12, 1994, at 1. In addition, the trial court took judicial notice that Taylor was advised that he would undergo a six-month suspension of his operating privileges when he entered the ARD program.
 
 Id.
 
 at 2. Following the reasoning of
 
 Gray,
 
 we find that, based on the these facts, the trial court reasonably concluded that Taylor received actual notice that his license would be suspended for a DUI-related offense.
 
 See also Gamble, supra,
 
 376 Pa.Super. at 593-94, 546 A.2d at 683 (finding evidence of notice insufficient where only evidence was of mailing and “the Commonwealth did not establish that [the driver] had ... been informed by either the court, the [arresting] officers ... or the Department of Transportation that [the driver’s] operating privileges would be suspended for one year” for a DUI-related offense). Thus, the trial court’s application of the harsher sanctions of § 1543(b) to Taylor was appropriate.
 

 Next, Taylor challenges the constitutionality of this Court’s holding in
 
 Nuno, supra. Nuno
 
 permits license suspension, originally non-DUI related, to be treated as DUI-related when a subsequent DUI-related suspension occurs which will commence at a future date after expiration of the non-DUI related suspensions. Taylor contends that this violates his federal and state constitutional rights to due process and equal protection and that it constitutes cruel and unusual punishment. However, this Court, sitting as a panel, is not empowered to overrule
 
 Nuno,
 
 and, therefore, we do not address this claim.
 

 For the foregoing reasons, the trial court order denying Taylor’s statutory appeal is affirmed.
 

 Order AFFIRMED.