J-S03016-23

2023 PA Super 135

| MARIA ESTELA VILLEGAS RIVAS | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUANNA DAYEL VILLEGAS AND | : | No. 2517 EDA 2022 |
| MARVIN DAVID LANDAVERDE | : | |

Appeal from the Order Entered September 7, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-04171-CU

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

OPINION BY McCAFFERY, J.:                                    **FILED JULY 27, 2023**

Maria Estela Villegas Rivas (Grandmother) appeals from the order denying her petition for special relief pursuant to Pennsylvania Rule of Civil Procedure 1915.13[1] and its local rule counterpart, Chester County Rule of Civil Procedure 1915.13.A.  In the petition, Grandmother sought the issuance of an order containing specific findings of fact regarding her daughter's minor child

---

[1] Rule 1915.13 provides:

> At any time after commencement of the action, the court may on application or its own motion grant appropriate interim or special relief.  The relief may include, but is not limited to, the award of temporary legal or physical custody; the issuance of appropriate process directing that a child or a party or person having physical custody of a child be brought before the court; and a direction that a person post security to appear with the child when directed by the court or to comply with any order of the court.

Pa.R.C.P. 1915.13.

(Child or the Child), which would permit Child to apply for special immigrant juvenile status (SIJ) under federal law. For the following reasons, we vacate and remand.

## I. Facts & Procedural History

Child was born in January 2007 and lived in El Salvador with her mother, Juanna Dayel Villegas (Mother), until November 2021.[2] **See** N.T., 8/19/22, at 16; Grandmother's Complaint For Custody (Custody Complaint), 6/15/22, at 1-2 (unpaginated). It is unclear from the record whether Mother and Child's father, Marvin David Landaverde (Father), were ever married, but they are no longer in a relationship. **See** N.T. at 10-11. Child also indicated she no longer has communication with Father. **Id.** at 16.

In November 2021, Child moved to the United States to live with Grandmother and her husband, who presently reside in Chester County, Pennsylvania. **See** Custody Complaint at 2 (unpaginated). Grandmother paid for Child's travel expenses. **See** N.T. at 12.

### A. Custody Complaint

On June 15, 2022, Grandmother filed a complaint, seeking sole physical and legal custody of Child. **See** Custody Complaint at 1.[3] That same day,

_____

[2] Child also shared the home with her maternal great-grandmother and three siblings. **See** N.T. at 12, 15.

[3] In the complaint, Grandmother alleged, in relevant part:

*(Footnote Continued Next Page)*

Grandmother also filed a petition for special relief, alleging: (1) Child was under the age of 18 and unmarried; (2) Child had resided with Grandmother for the past six months in the United States; (3) Father is in El Salvador and no longer involved in Child's life; (4) Child had lived with Mother in El Salvador for the past 15 years, but Mother did not have the financial means to support and provide for Child; (5) Grandmother is Child's sole parental figure, and provides for all Child's needs and wants; and (6) Child is eligible for SIJ status, as set forth in the Immigration and Nationality Act (INA) at 8 U.S.C. § 1101(a)(27)(J). *See* Grandmother's Petition for Special Relief Pursuant to Pa.R.C.P. 1915.13 and C.C.R.C.P. 1915.13.A (Grandmother's Petition for Special Relief), 6/15/22, at 1-2 (unpaginated). Grandmother indicated she was "seeking special relief in the form of a [c]ourt [o]rder that enumerates

---

13. Reunification with Father is not viable because Father is not willing to support and provide for Child. Father has abandoned and neglected the Child.

14. Reunification with Mother is not viable because Mother does not have the financial means to support and provide for Child.

15. The best interest and permanent welfare of the Child will be served by granting the relief requested because the Child will be in a safe and loving environment. [Grandmother] provides the Child safety, protection and physical, mental and moral welfare. In addition, it is not the Child's best interest to return to El Salvador because there is no appropriate relative who can provide adequate care or supervision.

Custody Complaint at 3 (unpaginated).

- 3 -

the aforesaid additional findings of fact and grants her sole legal and physical custody of . . . Child." *Id.* at 2.

### B. Federal Law — SIJ Statute & Classification

At this juncture, it is necessary to set forth the applicable federal law at issue. "The SIJ statute, 8 U.S.C. § 1101(a)(27)(J), provides that a juvenile who qualifies as an SIJ may apply for lawful permanent residency and thus relief from deportation." *Orozco v. Tecu*, 284 A.3d 474, 476 (Pa. Super. 2022) (citation omitted). Section 1101(a)(27)(J) defines an SIJ as a juvenile:

(i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law[.]

(ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence[.]

8 U.S.C. § 1101(a)(27)(J).[4]

---

[4] The statute was ratified for the following reasons:

The SIJ provisions of the INA were enacted in 1990 to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States. Congress provided an alternative to deportation for these children. Rather than being deported along with abusive or neglectful parents, or deported to parents who had abandoned them once in the United States, such children may seek special status to remain in the United States.

*(Footnote Continued Next Page)*

"In order to obtain SIJ status, a petitioner must obtain determinations from both the state and federal systems." ***Orozco***, 284 A.3d at 476. Under 8 C.F.R. § 204.11, SIJ classification requires the following, in pertinent part:

> **(b)** Eligibility. A petitioner is eligible for classification as a special immigrant juvenile under section 203(b)(4) of the Act as described at section 1[1]01(a)(27)(J) of the Act, if they meet all of the following requirements:
>
> > **(1)** Is **under 21 years of age** at the time of filing the petition;
> >
> > **(2)** Is **unmarried** at the time of filing and adjudication;
> >
> > **(3)** Is **physically present** in the United States;
> >
> > **(4)** Is the **subject of a juvenile court order(s) that meets the requirements under paragraph (c)** of this section; and
> >
> > **(5)** Obtains consent from the Secretary of Homeland Security to classification as a special immigrant juvenile. For [United States Citizenship Immigration Services (USCIS)] to consent, the request for SIJ classification must be bona fide, which requires the petitioner to establish that a primary reason the required juvenile court determinations were sought was to obtain relief from parental abuse, neglect, abandonment, or a similar basis under State law. . . .
>
> **(c)** Juvenile court order(s).
>
> > **(1) Court-ordered dependency or custody and parental reunification determination**. The juvenile court must have **made certain judicial determinations related to the petitioner's custody or dependency and**

---

***Yeboah v. United States DOJ***, 345 F.3d 216, 221 (3d Cir. 2003). "Although not binding on us, we may cite federal authority for its persuasive value." ***Toppy v. Passage Bio, Inc.***, 285 A.3d 672, 690 n.7 (Pa. Super. 2022).

**determined that the petitioner cannot reunify with their parent(s) due to abuse, neglect, abandonment**, or a similar basis under State law.

> **(i)** The juvenile court must have made at least one of the following judicial determinations related to the petitioner's custodial placement or dependency in accordance with State law governing such determinations:
>
> > **(A)** Declared the petitioner dependent upon the juvenile court; or
> >
> > **(B)** Legally committed to or placed the petitioner under the custody of an agency or department of a State, or an individual or entity appointed by a State or juvenile court.
>
> **(ii)** The juvenile court must have made a judicial determination that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under State law. The court is not required to terminate parental rights to determine that parental reunification is not viable.

**(2)** Best interest determination.

> **(i)** A determination must be made in judicial or administrative proceedings by a court or agency recognized by the juvenile court and authorized by law to make such decisions that **it would not be in the petitioner's best interest to be returned to the petitioner's or their parent's country of nationality or last habitual residence**.
>
> **(ii)** Nothing in this part should be construed as altering the standards for best interest determinations that juvenile court judges routinely apply under relevant State law.

**(3)** Qualifying juvenile court order(s).

**(i)** The juvenile court must have exercised its authority over the petitioner as a juvenile and made the requisite judicial determinations in this paragraph under applicable State law to establish eligibility. . . .

8 C.F.R. § 204.11(b)-(c) (emphases added). "Under the federal SIJ scheme, the state court does not render an immigration decision but rather makes factual determinations predicate to [United States Citizenship Immigration Services'] SIJ determination." *Orozco*, 284 A.3d at 477 (citation omitted).

### C. Custody Hearing

On August 19, 2022, the trial court held a hearing regarding the custody issue. *See* N.T. at 3. Grandmother and Child were both present. *Id.* at 9, 16. Mother and Father did not appear in person or remotely.[5] Grandmother's counsel requested the court consider both the custody and petition for special relief issues. *See id.* at 3-4. The court expressed concern that since the case was a custody matter, it did not qualify as a juvenile or dependency proceeding, and therefore, the court could not review the petition. *Id.* at 4-5. The court then questioned counsel about whether it had the authority to declare Child dependent and place her in the custody of the Commonwealth, to which Grandmother's counsel answered in the affirmative. *Id.* at 5-6. Counsel also stated that under the INA, "all we would need is a juvenile court

---

[5] Counsel for Grandmother offered into evidence "the declaration and acceptance of service for [M]other and the service on [F]ather, which was personally served by his brother." N.T. at 4.

- 7 -

to make [several] predicate findings" with regard to Child's eligibility for the SIJ status. *Id.* at 6. The court questioned counsel's response, stating: "[B]ecause I don't have jurisdiction over immigration law, but in looking at federal law regarding an [SIJ status] case, . . . it requires that the applicant come before the federal government after obtaining an order of dependency from a state juvenile court." *Id.* Counsel replied that "a custody order would be sufficient" for SIJ status purposes. *Id.* at 7. The court then stated, "I'm not sure I'm comfortable with doing that." *Id.*

Additionally, the trial court pointed out that because Grandmother filed a petition for special relief, that was not the "appropriate" application since Rule 1915.13 concerns "limited temporary orders affecting custody." N.T. at 7. Counsel replied again that Grandmother was requesting the temporary custody findings for the SIJ application, and the court had "jurisdiction to make special findings in the order[.]" *Id.* at 7-8. The court then stated: "[T]his is a custody matter. Custody matters are decided based upon 16 factors that are set forth by [23 Pa.C.S. § 5328(a)]. If you present a custody case, I will address those 16 factors, but not I am not inclined to grant special relief as I don't believe this qualifies for special relief." *Id.* at 8. The hearing proceeded to addressing the custody issue. *Id.* Both Grandmother and Child testified. *See id.* at 9-18. The court did not enter a decision that day but took the matter under advisement. *Id.* at 18.

### D. Trial Court Orders

On September 7, 2022, the trial court entered two separate orders.  In the first order, the court awarded Grandmother sole legal and physical custody of Child.  The court attached a memorandum in support of its custody order, which included a complete analysis of the 16 custody factors set forth in Section 5328(a).[6]  **See** Memorandum in Support of Custody Order, 9/7/22, at 1-5.  The court opined that after considering the Section 5328(a) factors, it gave "significant weight to the stability of [Child]'s life provided by Grandmother, as well as the educational opportunities afforded to her by living with Grandmother."  **Id.** at 5.  It further relied on "the lack of opposition to the proposed custody, as expressed by Mother," to determine it was in the best interests of [Child] to grant Grandmother" legal and physical custody. **Id.**

As for the second order, the court denied Grandmother's petition for special relief and her request for specific findings of fact.  The court provided no further analysis in the order.

### E.  Appeal & Trial Court Opinion

On October 6, 2022, Grandmother filed a notice of appeal from the trial court's order denying her petition for special relief,[7] and a Pa.R.A.P. 1925(b)

_____

[6] At the beginning of its analysis, the trial court stated it "was not sitting as a dependency or juvenile court, as those terms are defined by Pennsylvania law."  **See** Order, 9/7/22, at 1 n.1 (unpaginated).

[7] Grandmother did not file an appeal regarding the court's custody order.

concise statement of errors complained of on appeal.[8]  The trial court issued

a Pa.R.A.P. 1925(a) opinion on October 31, 2022.

In its Rule 1925(a) opinion, the trial court suggested that this Court

quash Grandmother's appeal "for want of jurisdiction based on the failure to

_____

[8] In the concise statement, Grandmother raised the following claims:

> 1. The [trial c]ourt abused its discretion and violated due process
> of the law as guaranteed by the Fifth Amendment by denying
> [Grandmother]'s request for special relief and specific findings of
> fact.
>
> 2. The [c]ourt erred in finding that it is not a "juvenile court" for
> the purposes of [SIJ status] classification.
>
> 3. The [c]ourt erred and abused its discretion in denying
> [Grandmother]'s special request for relief and specific findings
> when it had proper jurisdiction to do so.
>
> 4. The [c]ourt egregiously misapplied and misinterpreted both
> Pennsylvania state law and [SIJ status] federal law.
>
> 5. The [c]ourt violated [Grandmother]'s right to Due Process
> because it deprived [her] and [Child] of a remedy for the minor's
> right to seek SIJ status.
>
> 6. The [c]ourt erred and violated [Grandmother]'s right to Due
> Process by failing to place on the record a comprehensive
> discussion of the reasons for the final order denying special relief
> and specific findings of fact.
>
> 7. [Grandmother] reserves the right to supplement and/or amend
> this [concise statement] pursuant to Rule 1925(b)(2) and
> Pa.R.A.P. 902, as the hearing transcript has not been received to
> date. . . .

Grandmother's Concise Statement of Errors Complaint of on Appeal, 10/6/22,
a 1-2 (unpaginated; footnote omitted).

appeal the final [c]ustody [o]rder in this matter." Trial Ct. Op., 10/31/22, at 3. The court first focused on the nature of the petition for special relief, stating that the "objective of special relief is to allow for temporary modification of custody or visition[.]" *Id.* (citation omitted). The court pointed out that it "chose to forego a temporary interim step and issued a final [c]ustody [o]rder on the same day it denied [Grandmother]'s Petition[, and that t]he [c]ustody [o]rder resolved more permanently the question of with whom the Child should remain." *Id.* at 3-4 (citations omitted). The court opined it was the custody order that "decided all the issues of law and fact" and therefore, "[i]t was the [c]ustody [o]rder [Grandmother] was required to appeal, but she did not file a timely appeal." *Id.* at 4.[9]

Next, the trial court determined "there was no basis for the grant of the special relief requested[.]" Trial Ct. Op. at 6. The court stated the "custody factor analysis provided the trial court with ample opportunity to address allegations of abuse, neglect, or abandonment, provided there was enough credible evidence, of sufficient weight to support such claims, but that was not the case." *Id.* The court then determined that SIJ status was not the proper subject for special relief, stating it "was unable to find a single statutory or procedural rule in the Commonwealth related to obtaining [SIJ status]

---

[9] Relatedly, the trial court found Grandmother lacked standing to appeal the custody order because she received the relief she requested in her complaint, and therefore, was the prevailing party. *See* Trial Ct. Op. at 4-5.

- 11 -

related relief in this context[.]" *Id.* (footnote omitted). The court noted that pursuant to 8 C.F.R. § 204.11(b)(5), a petitioner is required to establish that the primary reason for the state juvenile court determination is "to obtain relief from parental abuse, neglect, abandonment, or a similar basis under State law." *Id.* at 7 (citation omitted). The court surmised that based on her counsel's statements at the August 19, 2022, proceeding, Grandmother's purpose for the petition "was not primarily for the purpose of obtaining relief from parental abuse, neglect, abandonment, but solely for purposes of obtaining" SIJ status. *Id.* The court opined "it was and remains unwilling to engage in such subterfuge." *Id.*

The court further found Grandmother's request for special relief was "defective" as there "was no emergency or other circumstance present, which warranted special relief[.]" Trial Ct. Op. at 7. Moreover, the court stated that "there was no allegation by [Grandmother] that there was an emergency or apparent urgent need for court action to preserve the well-being of Child" and "no evidence of record that Child would be put at risk or that there would be a change in circumstances with regard to custody, in the absence of special relief." *Id.* at 8. The court determined "*status quo* . . . favors" Grandmother. *Id.*

Third, the trial court determined there was insufficient credible evidence to support Grandmother's petition for special relief and specific findings of fact. *See* Trial Ct. Op. at 9. The court stated it "observed the witnesses'

demeanor during their testimony, considered their significant interest in having Child qualify for [SIJ status], and found neither witness sufficiently credible nor the evidence of sufficient weight to support the requested findings." *Id.* The court further found: (1) no witnesses from El Salvador were called to testify about direct knowledge of allegations made against Mother and Father; (2) there was no evidence of abuse; (3) while Child may have lived in poverty in El Salvador, that was not a basis to find child abuse; (4) there was no credible evidence Father had abandoned Child; (5) there was no evidence Child was denied the education available to her in her home county; and (6) no credible evidence that it would be dangerous for Child to return to El Salvador. *Id.*

Lastly, the court addressed the issues identified in Grandmother's concise statement. *See* Trial Ct. Op. at 10-17.

## II. Statement of Questions Involved

Grandmother presents the following three issues on appeal:

1. Whether the trial court erred in denying [Grandmother]'s request for an SIJ eligibility order because it deprived [her] and [Child] of a remedy for [Child]'s right to seek SIJ status and violated their right to due process?

2. Whether [the Superior] Court has jurisdiction to review the trial court's order as a final order under 42 Pa.C.S. § 742 and Pa.R.A.P. 341(a) & (b)(1) because it disposes of all of [Grandmother]'s claims relating to her request for the issuance of an SIJ eligibility order?

3. In the alternative, whether the Superior Court has jurisdiction to review the trial court's order as a collateral order under Pa.R.A.P. 313 because the issue of SIJ eligibility is separable from

- 13 -

and collateral to the custody proceeding, the right involved is too important to be denied, and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparabl[y] lost?

Grandmother's Brief at 7-8.

Based on the nature of Grandmother's arguments, we will address her second and third issues first because they pertain to the jurisdiction of this Court.

## I. Jurisdiction & Appealability

"[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (citation omitted). We note because questions concerning the appealability of an order go to jurisdiction, they may be raised *sua sponte* by this Court. **Capuano v. Capuano**, 823 A.2d 995, 998 (Pa. Super. 2003). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*) (citation omitted). Generally, "[f]or an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313." **Ashdale v. Guidi Homes, Inc.**, 248 A.3d 521, 525 (Pa. Super. 2021).

Pursuant to the Pennsylvania Rules of Appellate Procedure, "a final order is one that disposes of all claims and of all parties or is entered as a final order

- 14 -

pursuant to Pa.R.A.P. 341(c)." ***Situs Props., Inc. v. Jenkins Court Realty Co., LP***, 259 A.3d 993, 997 (Pa. Super. 2021) (citation & footnote omitted).

> A collateral order is an order [(1)] separable from and collateral to the main cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b). If an order satisfies the three-pronged test set forth in Rule 313(b), this Court may exercise appellate jurisdiction over the order, even though it is not final.
>
> The collateral-order rule is a specialized, practical application of the general rule that only final orders are appealable as of right. As such, this Court must stringently apply the requirements of the collateral-order doctrine. If an order does not meet all three prongs of the collateral-order test, this Court has no jurisdiction to consider an appeal from that order.

***Smith v. O'Brien***, ___ A.3d ___, ___, 2023 WL 309009, at *2 (Pa. Super. Jan. 19, 2023) (quotation marks & some citations omitted).

Here, Grandmother complains that in accordance with this Court's recent decision in ***Orozco***, ***supra***, she "has a right to seek an SIJ eligibility order in the context of a custody proceeding." Grandmother's Brief at 12. She further asserts the trial court's September 7, 2022, order qualifies as either a final order or a collateral order. ***See*** Grandmother's Brief at 17. She states: "[T]he order constitutes a final order . . . because it disposes of all of [her] claims relating to [her] request for the issuance of an order to establish [Child]'s eligibility for [SIJ] status pursuant to 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11." ***Id.*** at 18.

In the alternative, Grandmother argues this Court has jurisdiction over the matter pursuant to Pa.R.A.P. 313 because the September 7, 2022, order constitutes a collateral order. *See* Grandmother's Brief at 19. She states: (1) the order "relates to a claim that is conceptually distinct from the merits of the main cause of action" because she is not seeking a modification of the custody order but rather requesting relief "in the form of issuance of the findings of fact required under [Section] 5323(d), solely for the purpose of establishing [Child]'s eligibility for SIJ status before USCIS[;]" (2) the case involves a right that is too important to be denied review because Child "is in removal proceedings in the Philadelphia Immigration Court and is seeking relief in the form of [an] adjustment of status based, prospectively, on an approved [p]etition for SIJ status[;]" and (3) Grandmother's right to pursue SIJ status for Child "will be lost forever if the requested relief is not granted." *Id.* at 21-24.

With respect to this question, we are guided by this Court's decision in *Orozco*, *supra*.[10] In *Orozco*, the appellant filed a petition seeking the

_____

[10] We note that *Orozco* was decided after the trial court entered its September 7, 2022, order, but before it issued its Rule 1925(a) opinion. "[I]t is well settled that Pennsylvania appellate courts apply the law in effect at the time of the appellate decision. This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *In re Adoption of A.M.W.*, 289 A.3d 109, 115 n.6 (Pa. Super. 2023) (*en banc*) (citation and quotation marks omitted). Moreover, we note that one three-judge panel of this Court cannot overrule another. *See Commonwealth v.*
*(Footnote Continued Next Page)*

issuance of an order containing specific factual findings regarding her minor child that were necessary to petition the USCIS for SIJ status as to the child. *Orozco*, 284 A.3d at 476. The appellant resided in Delaware County while the child's father resided in Guatemala. *Id.* The father was not involved in the child's life and did not participate in the proceeding at issue. *Id.* "Before moving to the United States to live with [the appellant, the child] lived with other relatives." *Id.* In April 2020, the appellant filed a complaint for sole physical and legal custody of the child. *Id.* In March 2021, the trial court held a hearing on the matter, at which time, the appellant "asked the court to issue findings of fact sufficient to petition USCIS for SIJ status." *Id.* The court stated that it would only consider the appellant's custody issue. *Id.* at 477. The appellant then requested the opportunity to amend her complaint to include the SIJ findings request, to which the court indicated that it would take the request "under advisement and issue an order. However, the court never addressed [the appellant]'s request for leave to amend and instead . . . issued only a temporary custody order granting [her] sole legal and physical custody of [the child]. The order did not include the SIJ findings of fact." *Id.* The appellant then filed an emergency application, "requesting that the court issue

---

*Taggart*, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010); *see also Commonwealth v. Taylor,* 649 A.2d 453, 455 (Pa. Super. 1994).

As will be discussed *infra*, the trial court discussed *Orozco* in its Rule 1925(a) opinion but found that it was distinguishable. *See* Trial Ct. Op. at 6 n.3, 15-16.

the findings of fact necessary to apply for SIJ status." *Id.* The court again declined her request and an appeal subsequently followed. *Id.*

The trial court found the order at issue was "not ripe for review because it is a temporary order and thus interlocutory." *Orozco*, 284 A.3d at 477. A panel of this Court disagreed, determining "the subject order is appealable as of right as a collateral order." *Id.* at 478. This Court analyzed the three prongs of the collateral order doctrine, and determined:

> [The appellant]'s emergency petition for an SIJ order is separable from [her] main custody action because we can decide the propriety of the denial of the SIJ motion without delving into the merits of the underlying custody case. Further, the interest at issue — a predicate order for [the child] to apply for SIJ status and seek adjustment of his immigration status — is an "important right" significant enough to outweigh the efficiency interests of the court. Lastly, [the child]'s ability to obtain appellate relief will be effectively foreclosed if we deny immediate review. [The appellant] candidly informs us that deportation proceedings are pending against [the child] and she sought the SIJ order so he could obtain relief from deportation. Hence, we conclude that the . . . order **was immediately appealable as a collateral order**.

*Id.* at 478-79 (citations & footnote omitted; emphasis added). Additionally, this Court concluded that the trial court "abused its discretion" when it declined to provide reasoning for its refusal on the record in any capacity, stating: "The federal statutory scheme puts the factual determinations necessary for SIJ status solely within the purview of state courts. Yet the court flatly refused to issue the SIJ order. In this posture, the refusal was an abuse of discretion." *Id.* at 479.

Turning to the present matter, it is evident that *Orozco* is factually and procedurally similar to this present matter — both relatives filed a custody action while also seeking the issuance of an order containing specific factual findings regarding SIJ status for a minor child. Both trial courts held a hearing on the custody issue, but refused to address the merits of the SIJ status requests and denied relief. Moreover, like the appellant in *Orozco*, Grandmother contends that the court's September 7, 2022, order qualifies as a collateral order because: (1) it is separate from the custody action; (2) it involves a right that is too important to be denied review since deportation proceedings are pending against Child; and (3) her right to pursue SIJ status for Child will be lost forever if the relief is not granted. *See* Grandmother's Brief at 19-24. Accordingly, we disagree with the court's suggestion that this appeal should be quashed for lack of jurisdiction. Rather, this case is controlled by *Orozco*, and the court's September 7, 2022, order qualifies as a collateral order that is immediately appealable.[11]

We now turn to Grandmother's substantive argument regarding the court's denial of her petition seeking an SIJ order. She contends "there was nothing improper with [her] request for the issuance of an SIJ eligibility order" because "such a request can only be made within the context of a custody,

___

[11] Consequently, we need not reach the question of whether the order at issue constitutes a final order.

- 19 -

guardianship or dependency proceeding." Grandmother's Brief at 14. Grandmother states that "8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11 grant state juvenile courts exclusive jurisdiction to make certain findings relating to SIJ eligibility." Grandmother's Brief at 15. Moreover, she maintains the following:

> Federal law requires the issuance of an SIJ eligibility order by a state juvenile court as a prerequisite to pursuing SIJ status before USCIS. By necessity, SIJ eligibility must be determined in a state custody, guardianship, or dependency proceeding, applying state law. [Grandmother]'s request for an SIJ eligibility order was proper and appropriate in the context of the custody proceeding and the denial of such relief violated [Grandmother]'s fundamental right to due process. Further, the failure to deny the application without a hearing and without articulating any reasons for the denial violates Appellant's right to due process and deprives this Court of its ability to review the decision for error.

*Id.* at 16.

> We may reverse a decision in an equity matter only for an error of law or abuse of discretion. The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious. To the extent that this appeal implicates statutory interpretation, our standard of review is *de novo*, and our scope of review is plenary. We review trial courts' interpretations of statutes for error of law.

*Orozco*, 284 A.3d at 479 (citations & quotation marks omitted).

We note that at the outset of the hearing, the trial court was disinclined to consider Grandmother's petition based on several procedural nuances of the case, which it also relied on in its Rule 1925(a) opinion — particularly, (1)

the fact that it was not a juvenile or dependency court,[12] and (2) the fact that Grandmother filed a petition for special relief, which it construed as not the proper vehicle for seeking this specific relief.[13] We disagree with these conclusions for several reasons.

First, the trial court in **Orozco** was not a juvenile or dependency court, and there is no indication that the minor child was declared dependent upon the court or legally committed to an agency/department of the Commonwealth. Nevertheless, this Court still found that the lower court erred by refusing to address the petition. **See Orozco**, 284 A.3d at 478-79. It merits mention that the language of 8 C.F.R. § 204.11(c) refers to all three terms — juvenile, dependency, and custody. We note the federal statute's language is intended to be all-encompassing, covering the 50 states as well as the District of Columbia. The purpose of the law is to address issues of abuse, abandonment, and neglect. **See Yeboah**, 345 F.3d at 221. Accordingly, we cannot conclude Section 204.11 would restrict the SIJ classification to only a juvenile court having administrative power. We point out that in this Commonwealth, a court of common pleas is the proper judicial body to review allegations of child abuse, and specifically, an orphans' court

---

[12] **See** N.T. at 5-7; Trial Ct. Op. at 12.

[13] **See** N.T. at 7-8; Trial Ct. Op. at 6-8.

has the most fitting jurisprudence. Accordingly, the rationale of the trial court in the present matter is erroneous.

Second, we note that while Grandmother may have filed her request as a petition for special relief which may not have been the most appropriate practice, the title of the document should not control where the substance of the relief requested is clear — particularly where a child is the subject of the underlying matter. Where there are allegations of abuse, neglect, or abandonment regarding a child, a reviewing court should excuse the misnomer and address the merits set forth in the filing.

Next, we point out that in its Rule 1925(a) opinion, the trial court opined that **Orozco** is distinguishable from the case *sub judice* because, in **Orozco**, this Court "addressed [SIJ status] findings in the context of the lower court's failure to provide a rationale for its declining to make such findings[, which is] not the case in the present matter." Trial Ct. Op. at 6 n.3; **see also id.** at 15. Then, contrary to its statements at the hearing, the trial court decided to address the SIJ status issue in its opinion, determining there was insufficient credible evidence to support Grandmother's requested relief and specific findings. **See** Trial Ct. Op. at 9-10. The court analyzed the issue, relying on the testimony of Grandmother and Child during the **custody part** of the August 19th hearing, to find no evidence of abuse and abandonment. **Id.** The court further stated:

> In the present matter, [it] provided [Grandmother] with a meaningful opportunity to present her entire case, has now

discussed the reasons for its denial [o]rder, and is addressing the alleged errors set forth by [Grandmother] as permitted by Rule 1925(a). Finally, the trial court *may* make findings that would permit a litigant primarily seeking relief from abuse or neglect to apply for [SIJ status], if the evidence supports such findings. There is no legal requirement that a trial court make such findings, especially where, as here, the evidence does not warrant it. Neither **Orozco** nor federal law requires a court to turn a blind eye to the evidence of record in order to make findings that would support an [SIJ status] application.

*Id.* at 16 (italics in original; citation omitted).

We find that the trial court's analysis is misplaced. As mentioned above, at the August 19th hearing, because the court opposed reviewing the SIJ status matter for several reasons, it **limited** the testimony to the **custody** issue and the Section 5328(a) factors. Grandmother was not provided with the opportunity to make the case concerning allegations of abuse, neglect, and abandonment in the context of an SIJ classification. The court then looked at that testimony through the lens of the custody complaint and entered the order awarding Grandmother legal and physical custody of Child. **See** Memorandum in Support of Custody Order at 1-5. Now, in its Rule 1925(a) opinion, the court is trying to apply a different lens to the same testimony and address the SIJ status issue.

The court's actions amounted to an abuse of discretion. A reasonable person would not agree that Grandmother was given a full opportunity to present her case regarding Child's SIJ status. Moreover, based on the refusal to review the matter and the inadequate testimony, the court cannot

retroactively make specific findings as to the SIJ determination.[14]  As such, we disagree with the court's determination that there was insufficient credible evidence to support Grandmother's requested relief and specific findings.  ***See*** Trial Ct. Op. at 9-10.  We conclude the court abused its discretion in refusing to address Grandmother's petition for special relief.  Accordingly, we vacate the trial court's order and remand for a new hearing to address factual findings with respect to Child that are predicate to the SIJ status determination regarding evidence of abuse, abandonment, or neglect.  ***See Orozco***, 284 A.3d at 479.[15]

_____

[14] We recognize there was testimony as to the lack of abuse regarding Mother, and limited information as to Father's involvement.  ***See*** N.T. at 11, 15. However, this testimony was asked in the context of the custody issue, not an SIJ determination.

[15] We take this moment to acknowledge that the law in this area has not been fully developed.  While the statute was enacted in 1990, its interpretation and application in this Commonwealth has been limited until very recently.  ***See Orozco***; ***see also Velasquez v. Miranda***, ___ A.3d ___, 2023 WL 4069151 (Pa. Super. June 20, 2023).

Moreover, the statute creates a unique procedural caveat where the ultimate determination is of the federal immigration nature, but preliminary factual determinations are made by state courts.  ***See Orozco***, 284 A.3d at 477 (citation omitted).  Since the statute's enactment, no settled interpretation or application of the SIJ statute has been developed among the states, and there is no unified body of law for considering what evidence will be sufficient to support SIJ findings.  As such, the courts of this Commonwealth may face confusion and produce inconsistent results in future proceedings as we see this type of case occurring often in the future. Consequently, we note that further guidance from the Pennsylvania Supreme Court and General Assembly may help to clarify those problems that will continue to challenge our orphans', juvenile, and family courts.

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judge Bowes joins the opinion.

Judge Sullivan files a concurring statement.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/27/2023*