J-S34008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VEGAS LESESNE | : | |
| | : | |
| Appellant | : | No. 29 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 6, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009618-2011

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.: **FILED: January 26, 2024**

Vegas Lesesne appeals from the judgment of sentence, entered in the
Court of Common Pleas of Allegheny County, following the revocation of his
probation. After careful review, we vacate and remand for resentencing.

The trial court summarized the history of this case as follows:

> In a criminal complaint dated July 18, 2011, [] Lesesne [] was
> charged at [CP-02-CR-0009618-2011] with one count of carrying
> a firearm without a license,[1] one count of person not to possess
> a firearm,[2] one count of aggravated assault,[3] one count of
> disorderly conduct,[4] one count of recklessly endangering another

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] *Id.* at § 6105(a)(1).

[3] *Id.* at § 2702(a)(4).

[4] *Id.* at § 5503(a)(4).

person,[5] and one count of terroristic threats.[6] On June 27, 2012, [Lesesne] appeared before the Honorable David R. Cashman and entered a guilty plea resolving the case. By order of sentence dated June 27, 2012, Judge Cashman sentenced [Lesesne] to eleven and [one-]half months to 23 months [of] confinement (paroled forthwith) followed by a three-year period of probation.

Multiple violations followed. By probation violation order of sentence dated April 4, 2016, Judge Cashman sentenced [Lesesne] to a three-year period of probation. By probation violation order of sentence dated December 4, 2017, Judge Cashman sentenced [Lesesne] to a five-year period of probation. By probation violation order of sentence dated September 13, 2021, Judge Cashman sentenced [Lesesne] to an aggregate period of incarceration of five to ten years. Subsequently, Judge Cashman vacated the September 13, 2021, sentence and ordered a [presentence investigation report (PSI)]. By probation violation order of sentence dated December 6, 2021, Judge Cashman[7] sentenced [Lesesne] to an aggregate period of incarceration of five to ten years.

Trial Court Opinion, 11/17/22, at 1 (unnecessary capitalization omitted).

At the September 13, 2021, violation of probation (VOP) hearing, the probation department stated the following with respect to Lesesne's most recent violations:

[Lesesne] stands before Your Honor now as a double[-]convicted violator, having been convicted at [docket number] 201909110 at count 10 of disorderly conduct, which was a summary. That was a guilty plea negotiated, and no further penalty was imposed. There is a second [conviction] at [docket number] 202102295. Count one is escape, which was lowered to a misdemeanor of the

---

[5] *Id.* at § 2705.

[6] *Id.* at § 2706(a)(1).

[7] Lesesne's case was reassigned to the Honorable Elliot C. Howsie following Judge Cashman's retirement.

second degree, and that was on June 29, 2021, and Your Honor placed him on one year [of] probation.

[Lesesne has] violated [his probation] for failing to report to Probation as required, failing to pay court costs, failing to comply with special orders of [c]ourt, failing to notify Probation of his living address, and failure to be of good behavior.

Following his release from the Allegheny County Jail on December 21[], [2017], after his revocation hearing, he made himself available for six consecutive months up until June of 2018. He then missed monthly reports for July, August, November[,] and December of 2018, as well as January and February of 2019, despite being directed to report. He was first detained on February 24, 2019, for new criminal behavior, and that criminal behavior was possession of a firearm[] prohibited and simple assault. On April 12, 2019, those pending charges were withdrawn, and the detainer was lifted the same date. After being released on April 17, 2019, [Lesesne] only made himself available for one contact in the field on May 10th, 2019.

On May 15, 2019, he violated a Protection from Abuse order, which resulted in a criminal contempt warrant being issued. On June 18, 2019, after learning that [he] had a warrant[, Lesesne] stated [that] he would turn himself into the authorities on the weekend. [Lesesne then] stated [that] he would turn himself in after July 4th, which was a holiday. On June 20[], 2019, a probation violation warrant was issued at [docket number] 201704377, and that is a Judge Ignelzi case, and that was for a violation of the no victim contact. On July 8th, 2019, [Lesesne] was arrested on the outstanding warrant, and criminal charges were filed.

He was detained on July 21[], 2020, and [Lesesne's] detainers were transferred to alternative housing[,] where he eventually escaped. Because of his escape[,] warrants were issued. He was then put back in the Allegheny County Jail on March 17[], 2021.

N.T. VOP Hearing I, 9/13/21, at 2-4.

Lesesne's counsel stated the following to the court:

With respect to Mr. Lesesne, [. . .] he left the Renewal Center that Your Honor was kind enough to put him into. He completed four months of that, and that was helpful because he completed masonry school while he was there. So[,] he has that opportunity

- 3 -

for that line of employment, and he has also worked in restaurants.  During the various times he spent in custody[,] he seemed do well.  [Lesesne] completed the HOPE program previously in the jail, as well as the Relationships trac[k] and Thinking for a Change, and he also completed parenting [classes].  [Lesesne] has been a kitchen worker since he has been in [jail] most recently.

*Id.* at 5-6.

The court did not offer Lesesne an opportunity to address the court, nor did the court hear from any other witnesses.  The court offered the following reasoning for Lesesne's VOP sentence:

Correct me if I'm wrong, but it's reported that he does very well when he is incarcerated.  I'm just trying help him out.  Obviously, if I let him out, he won't do very well.  He doesn't report, and he doesn't show up, and he gets involved in assaultive cases, and he gets gun charges.

* * *

Maybe this time he will get the message.  Sir, I have read your violation report, and I would note for the record that you are entitled to a credit of 964 days.  Accordingly, at count three, we will sentence you to a period of incarceration of not less than two and [one-half] or more than five years.  I will give you credit for 964 days on that count, and at count four we will sentence you to a period of incarceration of not less than two and [one-half] or more than five years, which will run consecutive to the previous sentence of incarceration, and based upon your prior criminal record you are not RRRI eligible.

*Id.* at 6-7.

As stated above, Judge Cashman *sua sponte* vacated the September 13, 2021 sentence and ordered a PSI.  The court held a new resentencing hearing on December 6, 2021.[8]  The court did not hear a recounting of the violation,

---

[8] ***Gagnon II*** violation hearing.  ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1993).

but rather heard from counsel for Lesesne and a representative from Justice Related Services (JRS), the agency responsible for coordinating mental health and substance abuse services within the criminal justice system. Counsel provided an update on Lesesne's progress since the last hearing, stating that he "completed the reentry program and [] parenting classes. [Lesesne is] currently taking GED classes. He has completed a masonry certificate while at Renewal. He completed Safe Food safety training with Pittsburgh Community Kitchen. He completed Thinking For a Change. He also has been diagnosed with PTSD and substance abuse." N.T. VOP Hearing II, 12/6/21, at 2. Additionally, counsel asked the court to accept the recommendation of JRS. JRS recommended that Lesesne be given an "assessment for inpatient [treatment] at Pyramid." *Id.* at 4.

Again, the court did not offer Lesesne an opportunity to address the court. Judge Cashman resentenced Lesesne, stating that since the last hearing, "I don't see anything in it that would change the sentence that I previously imposed. [Lesesne] has had numerous chances at rectifying his behavior, and he has decided that he and he alone will control what he does; and unfortunately, he's wrong about that." *Id.* Accordingly, the court resentenced Lesesne to the same term of imprisonment as it did at the September 13, 2021 hearing, an aggregate term of five to ten years' incarceration. *Id.* at 5.

Lesesne filed a timely post-sentence motion for modification of sentence on December 16, 2021, which was denied by operation of law. On January 5,

2022, Lesesne filed a timely notice of appeal, followed by a timely[9] court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Lesesne sets forth the following issues on appeal:

1. [W]hether the [trial] court abused its sentencing discretion [in revoking Lesesne's probation and re-sentencing him to an aggregate revocation sentence of 5-10 years' incarceration,] where it failed to consider relevant and mandatory sentencing criteria; namely, the protection of the public, the gravity of the underlying offenses and nature of the violations, and the character, personal history, and rehabilitative needs of [] Lesesne, as required by 42 Pa.C.S.A. § 9721(b)?

2. Whether the [trial] court committed an error of law where it failed to give [] Lesesne an opportunity to exercise his right of allocution at either the September 13, 2021, [VOP] hearing or the subsequent December 6, 2021, [VOP] hearing?

Appellant's Brief, at 6.

Our standard of review is well-settled:

In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. Further, revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa. Super. 2020) (citations and quotations omitted).

_____

[9] *See* Order, 2/22/22 (granting Lesesne's application for extension of time to file Pa.R.A.P. 1925(b) statement).

Lesesne's first claim challenges the discretionary aspects of his sentence. Such a claim is not appealable as of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

Here, Lesesne filed a timely notice of appeal, preserved the issue in his post-sentence motion, and included the requisite Rule 2119(f) statement in his brief. Thus, he has met the first three requirements for review. *See* Appellant's Brief, at 21-28. Therefore, we will determine whether Lesesne has raised a substantial question. *See Swope*, *supra*. In his Rule 2119(f) statement, Lesesne argues that his sentence is contrary to the norms underlying the sentencing process, that the revocation court failed to consider mitigating evidence of his progress during the time following his prior

revocation hearing, and that the court failed to consider his rehabilitative needs. *See* Appellant's Brief, at 23-26. Specifically, Lesesne points to testimony at the September 13, 2021 hearing that he had completed a masonry program, parenting classes, and other programs while in the Allegheny County Jail. *See id.* at 24; *see also* N.T. VOP Hearing I, 9/13/21, at 5-6. Moreover, at the December 6, 2021 hearing, there was testimony that, since the September hearing, Lesesne had completed a re-entry program, enrolled in GED classes, been diagnosed with PTSD and substance abuse problems, and qualified for a JRS plan. *See* Appellant's Brief, at 25; *see also* N.T. VOP Hearing II, 12/6/21, at 2-3.

Additionally, Lesesne states that while the revocation court *sua sponte* vacated his revocation sentence after the September 13, 2021 hearing for failure to order a PSI, at the December 6, 2021 hearing the court made "no mention whatsoever" of whether or not a PSI existed. *See* Appellant's Brief, at 25-26. Lesesne argues that the court's sentence did not consider his character, personal history, or rehabilitative needs, and was contrary to fundamental norms of sentencing. *Id.* at 23-24, 26-27.

This Court has held that if an appellant asserts that his sentence does not align with the protection of the public, gravity of the offense, and the appellant's rehabilitative needs, he raises a substantial question. *Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 27 (Pa. Super. 2017). In addition, an appellant raises a substantial question if he argues a specific way in which his sentence "violates a fundamental norm underlying the

sentencing process." ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012). Regarding the PSI, this Court has held if a court did not state adequate reasons to dispense with a PSI report, raising this claim on appeal presents a substantial question. ***Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011). Accordingly, we find Lesesne raised a substantial question and will consider the merits of his claim.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Furthermore, we are cognizant that, "[u]pon revocation [of probation,] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, [with] due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). However, the trial court may impose a sentence of total confinement upon revocation only if it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

*Id.* at § 9771(c). In addition, "[t]here shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." *Id.* at § 9771(d).

Lesesne focuses his argument on his claim that the trial court failed to consider his personal history, his rehabilitative needs, and the PSI. Lesesne argues that the revocation court improperly based "its sentence upon the seriousness of the crime alone." Appellant's Brief, at 36 (citing *Commonwealth v. Ritchey*, 779 A.2d 1183, 1188 (Pa. Super. 2001)) (citation omitted). Lesesne claims that, in reviewing the transcripts from both the September and December VOP hearings, it is clear that the revocation court "simply refused to consider, in any meaningful way, any evidence informing [the court] of his character, personal history, and treatment and rehabilitation needs." Appellant's Brief, at 36-37.

Lesesne comments that the revocation court "joshed" that Lesesne did "very well" when incarcerated and suggested that incarceration, therefore, would be helping him. *Id.* at 37. Furthermore, Lesesne argues that the court overlooked evidence of Lesesne's diagnoses and desire to participate in a JRS plan, and stated that there was nothing since the last hearing that would change his previously-imposed sentence. *See id.* at 37; *see also* N.T. VOP Hearing II, 12/6/21, at 4. Lesesne suggests that the revocation court did not

consider his personal characteristics or potential for rehabilitation, as is required by the Sentencing Code. **See** Appellant's Brief, at 38; **see also Commonwealth v. DiClaudio**, 210 A.3d 1070, 1075 (Pa. Super. 2019).

Regarding the PSI, Lesesne argues that, while the existence of a PSI generally creates a presumption that the "sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors," **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988), it is a rebuttable presumption. **See** Appellant's Brief, at 34-35 (citing **Commonwealth v. McCain**, 176 A.3d 236, 242 n.3 (Pa. Super. 2017)). Because "the revocation court made no mention whatsoever" of a PSI, and it was not brought up once during the December 6, 2021 VOP hearing, Lesesne argues that the court should not be entitled to the presumption in this case. **See** Appellant's Brief, at 35-36. We agree.

A close review of the record reveals that the PSI, although ordered, was never mentioned or made part of the record at the December 6, 2021 VOP hearing. Although Judge Howsie states that Judge Cashman ordered the PSI and should be presumed to have taken it into consideration, **see** Trial Court Opinion, 11/17/22, at 3, we cannot make that presumption based on the record. "The first responsibility of the sentencing judge [is] to be sure that he has before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." **Commonwealth v. Carter**, 485 A.2d 802, 804 (Pa. Super. 1984). Thus, the judge "must either order a PSI report or conduct sufficient

- 11 -

presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background." ***Commonwealth v. Goggins***, 748 A.2d 721, 728 (Pa. Super. 2000) (citation omitted); ***see also*** Pa.R.Crim.P. 702(A). While Judge Cashman was familiar with Lesesne, as Lesesne had been before him for probation violation hearings in 2016, 2017, and 2021, because Judge Cashman did not give Lesesne the opportunity to exercise his right to allocution at any point during the instant revocation proceedings, we cannot find that the court elicited sufficient information to substitute for the PSI. ***See Commonwealth v. Tejada***, 161 A.3d 313, 321 (Pa. Super. 2017) (holding court may sentence without PSI if it has necessary information from other source, based on record); ***see also Commonwealth v. Flowers***, 950A.2d 330, 333 (Pa. Super. 2008) (stating harmless error doctrine applies if sufficient information elicited during colloquy).

While a revocation court is "already fully informed as to the facts and circumstances of both the crime and the nature of the defendant," such a conclusion is based, in part, upon the assumption that "the trial judge had the benefit of a PSI during the initial sentencing proceedings." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014). Here, we cannot be sure that was the case. Moreover, the record indicates that a PSI report was ordered, suggesting that such a report would have been helpful to the revocation court. ***See Tejada***, ***supra***. Finally, because Judge Cashman retired prior to Lesesne's appeal, we do not have the benefit of the revocation court's

knowledge as to the PSI, whether the revocation court considered the PSI prior to imposing sentence, or the extent of the court's knowledge of Lesesne beyond the limited transcript in this matter. Therefore, we vacate the judgment of sentence and remand for further proceedings.[10]

Judgment of sentence vacated; case remanded for resentencing in accordance with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/26/2024

_____

[10] We need not reach Lesesne's claim regarding his right to allocution, as we are vacating his judgment of sentence and remanding for resentencing. **See Commonwealth v. Beatty**, 227 A.3d 1277, 1282 n.5 (Pa. Super. 2020). However, we note that the revocation court did not give Lesesne the opportunity to exercise his right to allocution. **See** Pa.R.Crim.P. 708(D)(1). Nevertheless, the right to allocution is a waivable one. **See Commonwealth v. Jacobs**, 900 A.2d 368 (Pa. Super. 2006) (en banc) (holding failure to grant defendant right of allocution constitutes waivable legal error). In addition, in response to Lesesne's request that we overrule **Jacobs**, the Commonwealth is correct in stating that a three-judge panel of this court is not empowered to overrule another panel of this court, much less an en banc panel. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013); **see also Commonwealth v. Taylor**, 649 A.2d 453, 455 (Pa. Super. 1994) (declining to address claim as panel of this Court not empowered to overrule another panel). Such an examination by this panel would be improper, as we are bound by existing precedent. **See Commonwealth v. May**, 271 A.3d 475, 482 (Pa. Super. 2022).